**ASSOCIATION OF FLIGHT ATTENDANTS, AFL–CIO, Plaintiff–Appellant,**

v.

**MESA AIRLINES, INC., Defendant–Appellee.**

No. 04–16943.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Dec. 7, 2006.

nia, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Michael J. Keenan, Esq., Ward Keenan & Barrett, PC, Phoenix, AZ, Edward J. Gilmartin, Esq., Deidre E. Hamilton, Assoc. Flight Attendants, AFL–CIO, Washington, DC, for Plaintiff–Appellant.

Douglas W. Hall, Baker & Hostetler LLP, Joseph L. Manson, III, Baker & Hostetler LLP, Washington, DC, Stephanie J. Quincy, Esq., Sherman & Howard, LLC, Phoenix, AZ, for Defendant–Appellee.

Before: W. FLETCHER, and RAWLINSON, Circuit Judges, and SELNA,* District Judge.

## MEMORANDUM **

Plaintiff/Appellant Association of Flight Attendants, AFL–CIO ("AFA") appeals

---

* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the district court's grant of Defendant/Appellee Mesa Airlines, Inc.'s ("Mesa") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The underlying action arises under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.*, which controls labor-employment relations in the rail and air industries. AFA seeks to compel arbitration against Mesa over a dispute arising under AFA's collective bargaining agreement ("CBA") with CCAir, Inc. ("CCAir").[1]

■ First, AFA argues that the district court erred by failing to apply the "arguably justified" standard described in *Consolidated Rail Corp. v. Railway Labor Executives' Association*, 491 U.S. 299, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). There was no need for the district court to consider *Conrail*, however, because there was no issue as to whether a minor dispute existed. The question was with whom AFA should be arbitrating a dispute that arose under the AFA–CCAir CBA—Mesa or CCAir.

■ Second, AFA argues that the district court misinterpreted *Association of Flight Attendants, AFL–CIO v. Delta Air Lines, Inc.*, 879 F.2d 906 (D.C.Cir.1989). Under *Delta*, Mesa could perhaps be bound by the AFA–CCAir CBA if it was the surviving entity in a merger between CCAir and Mesa and if AFA had sued CCAir. But unlike *Delta*, AFA did not sue the predecessor carrier. That Mesa is considered to be the successor to CCAir, at least for purposes of the motion to dismiss, does not mean that Mesa was inherently bound by a successorship clause in a CBA to which it was not a party and did not otherwise agree.

■ Moreover, even if *Delta* required Mesa, as successor in interest to CCAir, to arbitrate under the AFA–CCAir CBA, such a grievance should have been submitted to the board of adjustment established by that CBA—the CCAir System Board. Instead, AFA sought to compel arbitration before the Mesa System Board under procedures established by the AFA–Mesa CBA. The Mesa System Board lacked the jurisdiction to arbitrate disputes under the AFA–CCAir CBA. The district court therefore correctly concluded that AFA's complaint failed to state a claim upon which relief can be granted, and it was properly dismissed.

Accordingly, the district court's order is affirmed.

**AFFIRMED.**

---

1. AFA is a party to two distinct CBAs in this matter: the AFA–CCAir CBA and the AFA–Mesa CBA. The AFA–CCAir CBA was negotiated between AFA and CCAir, and covered flight attendants employed by CCAir. Grievances under the AFA–CCAir CBA could be submitted to a system board of arbitration created by that CBA (the "CCAir System Board") for binding arbitration. The AFA–Mesa CBA was negotiated between AFA and Mesa, and covers flight attendants employed by Mesa. Grievances arising under the AFA–Mesa CBA may be submitted to the Mesa Airlines Flight Attendants' System Board of Adjustment (the "Mesa System Board") for binding arbitration. The fact that AFA represents flight attendants employed by both air

---

carriers, CCAir and Mesa, is purely coincidental.

